# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GREGORY T. MILLER,

        Petitioner,        Case No. 05-C-557

        v.

WILLIAM POLLARD,

        Respondent.

## OPINION AND ORDER

Gregory Miller, a prisoner in state custody, has filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petitioner claims that his trial counsel and his appellate counsel provided ineffective assistance in his underlying state court criminal proceeding in violation of the Sixth Amendment. The Respondent has moved to dismiss on the ground that this is a successive petition. Miller filed a prior petition in 1998, which was addressed by Judge Stadtmueller who denied the petition on its merits and dismissed the case. See Order Civil Action No. 98-C-831 (E.D. Wis. May 28, 1999). The district court and the Seventh Circuit refused to issue a certificate of appealability.

In his current petition, Miller discloses the prior habeas action, but states that it was dismissed "without prejudice." The words "without prejudice" do not appear in Judge Stadtmueller's final Order or in the Judgment which was entered on June 1, 1999. Miller's incorrect allegation misled the court.

The Respondent's presentation is incomplete. The Respondent cites Judge Stadtmueller's 1999 Order, but he does not discuss the fact that, after his federal habeas corpus petition was denied, Miller commenced a postconviction action in state court in which, for the first time, he raised the claim of ineffective assistance of appellate counsel. The Wisconsin courts addressed the merits of this claim and denied relief. See State v. Miller, 2004 WL 2102082 (Wis. Ct. App. September 22, 2004) (No. 03-0080), certification denied by 277 Wis. 2d 155, 691 N.W.2d 356 (2005), review denied, 2005 WL 60 (Wis. March 8, 2005) (No. 3-0080).

The controlling issue then becomes whether, under these circumstances, Miller's instant Petition is successive. A habeas petitioner must seek leave of a court of appeals before bringing a successive petition. See 28 U.S.C. § 2244(b). When Miller brought his habeas corpus petition before Judge Stadtmueller, his state court direct appeal had concluded. Although Judge Stadtmueller's Order shows that Miller raised the issue of ineffective assistance of trial counsel in his first federal habeas petition, it appears that he did not raise the issue of ineffective assistance of appellate counsel. If he had, the Petition could have been dismissed for failure to exhaust all claims raised. See 28 U.S.C. § 2254(b).

Under these circumstances the court concludes that Miller's Petition is an unauthorized successive petition. He has not shown that he has sought permission from the Seventh Circuit to pursue a successive petition. Therefore, this court does not have jurisdiction over his Petition and ORDERS that the Respondent's "Motion to Dismiss Successive Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2255(B)" (filed July 7, 2005) IS GRANTED.

IT IS FURTHER ORDERED that Gregory T. Miller's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (filed May 20, 2005) IS DENIED AND DISMISSED.

IT IS FURTHER ORDERED that this action IS DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a judgment of dismissal as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Gregory T. Miller brought this petition for a writ of habeas corpus before the court, the Honorable Thomas J. Curran, District Judge, presiding, and Miller's successive petition having been denied and dismissed for lack of jurisdiction,
>
> IT IS ORDERED AND ADJUDGED
>
> that this action is dismissed for lack of jurisdiction.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 7th day of July, 2005.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge